IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDNA DE LEON BUERA,           )<br>                               )<br>       Plaintiff,              )<br>                               )<br>                               )<br>   vs.                         )<br>                               )<br>MICHAEL J. ASTRUE, Commissioner,)<br>                               )<br>                               )<br>       Defendant.              )<br>_____) | 1:07-cv-01051 GSA<br><br>ORDER GRANTING MOTION<br>TO REMAND<br><br>(Document 15) |

Plaintiff, proceeding pro se, filed her complaint in this action on July 23, 2007. Plaintiff seeks judicial review of a decision of the Commissioner of Social Security ("Commissioner") finding that Plaintiff accrued an overpayment of benefits. Plaintiff also requests that the Court waive her overpayment and restore her disability benefits. The summons and complaint were served on the Commissioner on January 18, 2008. The Commissioner has not filed an answer.

On May 20, 2008, the Commissioner of Social Security filed the instant motion to remand this matter for further administrative action pursuant to sentence six of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**DISCUSSION**

The Commissioner asserts that judicial review of this case is not possible because the Commissioner is unable to locate Plaintiff's claims file. The Commissioner requests voluntary

1

remand for further administrative proceedings pursuant to the Social Security Act. Sentence six of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security....

See *Melkonyan v. Sullivan*, 501 U.S. 89, 100 n.2 (1991); *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993) (sentence six remand may be ordered where the Commissioner requests a remand before answering the complaint).

The joint conference committee of Congress in reporting on Social Security Disability Amendments of 1980 to the Social Security Act indicated that in some cases, procedural difficulties, such as an inaudible hearing tape or a lost file, necessitate a request for remand. The committee stated:

> The conferees have been informed that there are sometimes procedural difficulties which prevent the [Commissioner] from providing the court with a transcript of administrative proceedings. Such a situation is an example of what could be considered "good cause" for remand. Where, for example, the tape recording of the claimant's oral hearing is lost or inaudible, or cannot otherwise be transcribed, or where the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the [Commissioner] for appropriate action to produce a record which the courts may review under 205(g) of the act. It is the hope of the conferees that remands on the basis of these breakdowns in the administrative process should be kept to a minimum so that persons appealing their decision are not unduly burdened by the resulting delay. H.R.Conf.Rep. No. 944, 96th Cong., 2d Sess. 59 (1980), *reprinted in* 1980 U.S.C.C.A.N. 1277, 1392, 1407.

Tucunango v. Sullivan 810 F.Supp. 103, 108 (S.D.N.Y. 1993). Accordingly, where the claimant's files cannot be located, good cause exists to remand the claim to the Commissioner for appropriate action to produce a record. Here, the Commissioner has reported that Plaintiff's claims file cannot be located and, if the file cannot be located within a reasonable time, it will be reconstructed, including instruction to an Administrative Law Judge to reconstruct the record, hold a new hearing and issue a new decision. Therefore, good cause exists to support the Commissioner's request for remand.

///

2

**ORDER**

Based on the foregoing, the Commissioner's motion for remand pursuant to sentence six of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), is GRANTED.

IT IS SO ORDERED.

**Dated:   May 27, 2008**                              /s/ **Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE